UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                                         05 Cr. 656 (RPP)

                - against -                                      **OPINION AND ORDER**

LEONARD KALISH,

                        Defendant.
------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        On March 16, 2009, the Government submitted a letter to this Court requesting reconsideration of one of the forfeiture-related rulings in its January 13, 2009 Opinion and Order ("the Opinion"), see United States v. Kalish, No. 05 Cr. 656, 2009 WL 130215 (S.D.N.Y. January 13, 2009), in light of two Second Circuit opinions issued contemporaneously with this Court's Opinion.  See United States v. Kelly, No. 06 Cr. 5536, 2009 WL 19083 (2d Cir. Jan. 5, 2009); United States v. Uddin, 551 F.3d 176 (2d Cir. 2009).  Specifically, the Government seeks reconsideration of the Court's holding that forfeitable proceeds of the Defendant Leonard Kalish's advance fee scheme are subject to a deduction for "direct costs" under the definition of "proceeds" in 18 U.S.C. § 981(a)(2)(B).

        On March 27, 2009, counsel for Defendant submitted a letter in opposition to the Government's request for reconsideration.  The Government has not submitted a reply, nor did it seek an extension to do so.

        Motions for reconsideration are governed by Local Rule 6.3, which states, in relevant part:

> A notice of motion for reconsideration or reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion.[1] There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

A motion for reconsideration is appropriate where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." Virgin Ad. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

Here, the two cases cited by the Government are not controlling, nor are they persuasive or otherwise instructive with respect to application of 18 U.S.C. § 981(a)(2)(A) versus 18 U.S.C. § 981(a)(2)(B) in this case. First, United States v. Kelley, 2009 WL 19083 (2d Cir. Jan. 5, 2009), is an unpublished decision in a securities fraud case, and there is no indication that a deduction for "direct costs" was at issue in the appeal. Defendant Kelley argued that the forfeiture was in error because the funds did not relate to the underlying crime and because the forfeiture of the funds was excessive. Id. at *4. The Second Circuit found that the funds were traceable to the securities fraud, and that "as such, the forfeiture amount was neither excessive nor in error." Id. The court then cited to 18 U.S.C. § 981(a)(2)(B) without further analysis. Id.

In the second decision relied on by the Government, United States v. Uddin, 551 F.3d 176 (2d Cir. 2009), the Second Circuit concluded that the entire amount of loss in a

---

[1] The Court issued its Opinion on January 13, 2009, and the Government did not file its motion for reconsideration until March 16, 2009. Therefore, the Government's motion is untimely. However, as discussed *infra*, the Court finds that the Government's motion is invalid regardless of the lack of timeliness.

food stamp fraud scheme was subject to forfeiture under 18 U.S.C. § 981(a)(2)(B). The court did not discuss the relationship between 18 U.S.C. § 981(a)(2)(A) and 18 U.S.C. § 981(a)(2)(B), nor did it construe the various terms in those provisions. Accordingly, neither Kelley nor Uddin provide guidance on the issue in this case, which is whether an advance fee scheme to obtain financing for commercial entities in violation of the mail and wire fraud statutes constitutes "illegal services [or] unlawful activities," 18 U.S.C. § 981(a)(2)(A), or "lawful services that are...provided in an illegal manner," 18 U.S.C. § 981(a)(2)(B).

Likewise, the legislative history cited by the Government is of no consequence to the holding of the Opinion on this issue. In fact, what the Government refers to as the "House Report on the Civil Asset Forfeiture Reform Act of 2000" is a 1997 House Report on a forfeiture bill that the Department of Justice drafted but was not enacted, although it was voted on in the House Judiciary Committee. See 51 H.R. Rep. 105-358(I), 105th Cong., 1st Sess. 1997, 1997 WL 677201 at *48.

For the foregoing reasons, the Government's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated: New York, New York
May 21, 2009

Robert P. Patterson, Jr.
U.S.D.J.

3

*Copies of the Order faxed to:*

David B. Smith
English & Smith
526 King Street, Suite 213
Alexandria, Virginia 22314
Fax: 703-548-8935

Martin B. Adelman
225 Broadway
New York, New York 10007
Fax: 212-587-0570

Nicholas S. Goldin
Assistant United States Attorney
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, New York 10007
Fax: 212-637-2527